UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-7298-RAO | Date: | October 21, 2025 |
| Title: | J. Jesus Leon v. General Motors LLC et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Eddie Ramirez | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING MOTION TO REMAND [14]**

Pending before the Court is Plaintiff J. Jesus Leon's ("Plaintiff") motion to remand ("Motion"). Dkt. No. 14. Defendant General Motors LLC ("Defendant") filed its opposition on October 8, 2025. Dkt. No. 16. Plaintiff filed his reply on October 15, 2025. Dkt. No. 17. The Court finds the matter suitable for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. The October 29, 2025 hearing on the Motion is VACATED.

For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed his complaint in the Superior Court of California, County of Los Angeles, on March 25, 2025. Compl., Dkt. No. 1-1 at 10-17. The complaint asserts claims for violations of the Song-Beverly Act and the federal Magnuson-Moss Warranty Act ("MMWA") with respect to a 2022 Chevrolet Silverado 1500, purchased by Plaintiff on or about October 14, 2022 (the "Subject Vehicle"). *Id.*

Plaintiff served Defendant with the complaint and summons on April 2, 2025. Decl. of Michelle Yang ¶ 5 & Ex. 1, Dkt. No. 14-1. Defendant filed its answer on May 16, 2025. Dkt. No. 1-2.

Defendant removed the action to federal court on August 7, 2025, pursuant to 28 U.S.C. § 1332. Notice of Removal ("Notice"), Dkt. No. 1. The Notice alleges that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *Id.* at 3-6. According to Defendant, the amount in controversy is indeterminate from the face of the complaint, and Defendant could not appropriately remove the matter to federal court until it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-7298-RAO | Date: | October 21, 2025 |
| Title: | J. Jesus Leon v. General Motors LLC et al. | | |

completed an investigation to determine an accurate figure. *Id.* at 6-10. Because of this, Defendant argues it had one year—rather than 30 days—to remove the case. *Id.* at 10.

## II. DISCUSSION

### A. Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). There is a presumption that a district court lacks jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).

A defendant may remove a state civil action to the federal district and division where the action is pending if the district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). A federal court's statutory grants of subject-matter jurisdiction are found in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y&F Corp.*, 546 U.S. 500, 513 (2006). Generally, a district court has original jurisdiction over actions premised on a federal question, 28 U.S.C. § 1331, or where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, *id.* § 1332(a). Removal is narrowly construed, and there is a "strong presumption against removal." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The defendant has the burden to show that removal is proper, and any ambiguities or doubt as to an action's removability are resolved in favor of remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

If the case stated by the initial pleading is removable, a defendant must file the notice of removal within 30 days after receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). This "first pathway" applies where "the basis for removal is clear from the complaint." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). If "it is unclear from the complaint whether the case is removable," the pleading is "indeterminate," and the case is not removable at that stage. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). When removability is not apparent from the face of the complaint or ascertainable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-7298-RAO | Date: | October 21, 2025 |
| Title: | J. Jesus Leon v. General Motors LLC et al. | | |

from a subsequent paper, a defendant may remove a matter based on diversity jurisdiction outside of these two thirty-day timelines, but within a year of commencement of the action. *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1125-26 (9th Cir. 2013); 28 U.S.C. § 1446(c).

**B.    Analysis**

The parties do not dispute that the Court has subject matter jurisdiction.[1] They disagree whether the amount in controversy is apparent from Plaintiff's complaint such that it started Defendant's thirty-day window for removal under the first pathway.

Plaintiff contends that his complaint adequately informed Defendant that his alleged damages exceed $75,000 because his claims arise out of his purchase of a new 2022 Chevrolet Silverado 1500 vehicle and the complaint seeks restitution for the purchase of the vehicle, incidental and consequential damages, civil penalties of two times the actual damages, and

---

[1] Although the parties do not dispute that diversity jurisdiction exists, the Court considers the issue *sua sponte*. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (noting that district courts have an independent duty to evaluate subject matter jurisdiction). For purposes of diversity jurisdiction, a person is a citizen of the state where they are domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A limited liability company (LLC) is a citizen of each state in which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen in the state in which it is incorporated and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Plaintiff is a citizen of the state of California. Compl. ¶ 2. Defendant is an LLC whose sole member is General Motors Holdings LLC. Notice at 3. The sole member of General Motors Holding LLC is General Motors Company. *Id.* General Motors Company is incorporated in Delaware with a principal place of business in Michigan. *Id.* Thus, there is complete diversity of citizenship between the parties. Additionally, Defendant makes a plausible non-speculative showing that the amount in controversy exceeds the jurisdictional threshold. *See id.* at 4-6. Based on Defendant's preliminary investigation, a plausible estimate of actual damages is $52,012.96 considering the purchase price of the Subject Vehicle and estimated deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity. *Id.* at 5. Plaintiff seeks civil penalties in the amount of two times of actual damages, and with the addition of attorneys' fees that are recoverable under the Song-Beverly Act, Defendant assesses that the amount in controversy exceeds $75,000. *Id.* at 5-6. Because Plaintiff does not contest and the Court does not question Defendant's allegation, Defendant did not need to present evidence establishing the amount. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-7298-RAO | Date: | October 21, 2025 |
| Title: | J. Jesus Leon v. General Motors LLC et al. | | |

attorneys' fees. Mot. at 6. Although the complaint did not allege a specific dollar amount in controversy, Plaintiff argues that because Defendant had access to the Manufacturer's Suggested Retail Price ("MSRP") of the Subject Vehicle, and the make, model, year, and VIN of the Subject Vehicle, Defendant had more than sufficient information to plausibly determine the amount in controversy. *Id.* at 7-8.

Defendant argues that the complaint is indeterminate as to the amount in controversy. Defendant contends that the complaint does not set forth which of three possible Commercial Code damages measures Plaintiff seeks for his MMWA claim, nor the values necessary to apply any measure. Opp'n at 10-13. Defendant also asserts that the complaint is indeterminate as to actual damages under the Song-Beverly Act because it does not provide the purchase price of the Subject Vehicle or any values for statutory offsets. *Id.* at 14-15.

Under California's Song-Beverly Act, a plaintiff may receive actual damages in the amount of "the actual price paid or payable by the buyer," offset by the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). Actual damages are further offset by negative equity; noncash credits provided by the manufacturer; and the actual price of "optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff." Cal. Code of Civ. Proc. § 871.27(b)-(d). A plaintiff may also be entitled to civil penalties if the defendant's violations were willful. Cal. Civ. Code § 1794(c). A civil penalty award may not exceed twice the amount of actual damages. *Id.*

Here, the complaint does not allege the actual price paid or payable by Plaintiff for the Subject Vehicle or any information from which Defendant could estimate offsets such as the mileage of the vehicle. Plaintiff argues that because Defendant possessed the information it needed to determine the amount in controversy from the outset and Defendant has not established when the case became removable, Defendant's removal was untimely. *See* Reply at 2. However, the Ninth Circuit has held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. Although district courts differ in their analysis on this issue, the Court is persuaded by the courts that have followed *Harris* in denying similar motions to remand. *See Jackson v. General Motors, LLC*, No. CV 25-7021-JFW(ASx), 2025 WL 2835457, at *2 (C.D. Cal. Oct. 2, 2025) (collecting cases and concluding that removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-7298-RAO | Date: | October 21, 2025 |
| Title: | J. Jesus Leon v. General Motors LLC et al. | | |

was not untimely). Because the complaint does not allege the value of the Subject Vehicle or information from which Defendant could estimate statutory offsets, the amount in controversy on Plaintiff's Song-Beverly Act claims is indeterminate from the face of the complaint. As to the MMWA claim, the Court agrees with Defendant that the complaint is not clear as to the basis for damages on this claim. And like the Song-Beverly Act claim, there are no values alleged from which Defendant could estimate the amount in controversy. Therefore, the thirty-day clock under the first pathway of removal does not apply.

Plaintiff does not point to any "other paper" provided to Defendant that would start a thirty-day removal period under the second pathway. Plaintiff does not dispute that Defendant removed the matter within a year after Plaintiff filed his action in state court. The Court finds that Defendant's removal based on diversity jurisdiction was not untimely.

Plaintiff additionally argues that because his complaint contains a federal cause of action under the MMWA, federal question jurisdiction was clear from the complaint. Mot. at 5. The MMWA includes an amount in controversy threshold of $50,000. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004) (citing 15 U.S.C. § 2310(d)). The Ninth Circuit has cited Third Circuit precedent for the proposition that federal jurisdiction for an MMWA claim "does not exist unless the amount in controversy exceeds $50,000." *Id.* (citing *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004)). As explained above, the complaint is indeterminate as to the amount in controversy. Therefore, inclusion of the MMWA claim did not start the thirty-day clock for removal under the first pathway. *See Jackson*, 2025 WL 2835457, at *3 (finding removal after thirty days of receipt of complaint including MMWA claim was not untimely because amount in controversy was not clear from face of complaint). Defendant's removal was not untimely.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **DENIED**. The Court will issue a separate order setting a scheduling conference.

**IT IS SO ORDERED.**

|  |  : |
|---|---|
| Initials of Preparer | er |